

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

*MG. 1/24/19*
*12:02*

| Judge or Division: JALILAH OTTO | Case Number: 1916-CV01667 |
|---|---|
| Plaintiff/Petitioner: CRAIG ADAMS | Plaintiff's/Petitioner's Attorney/Address RAYMOND EUGENE SALVA 221 WEST LEXINGTON AVENUE SUITE 200 INDEPENDENCE, MO 64050 |
| vs. | |
| Defendant/Respondent: CITY OF KANSAS CITY, MISSOURI | Court Address: 415 E 12th KANSAS CITY, MO 64106 |
| Nature of Suit: CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CITY OF KANSAS CITY, MISSOURI
Alias:

**PRIVATE PROCESS SERVER**

SERVE MAYOR: SLY JAMES
414 E. 12TH STREET
KANSAS CITY, MO 64106



*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-JAN-2019
Date                                           Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
__Matt Gigliotti__ (name) __Asst. City Atty__ (title).
☐ other _____
Served at __414 E. 12th St. KCMO__ (address)
in __Jackson__ (County/City of St. Louis), MO, on __1/24/19__ (date) at __12:02 pm__ (time).
__Greg Cruz   PPS190500__
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____
                        Date                                    Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $ 10.00
Mileage          $_____ ( _____ miles @ $_____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 19-SMCC-700** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13 and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00093-WBG   Document 1-1   Filed 02/08/19   Page 1 of 13

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| CRAIG ADAMS and<br>JOSEPH W. KNOPP, III, individually and<br>on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE CITY OF KANSAS CITY,<br>MISSOURI,<br><br>Defendant. | Case No.<br><br>Div. |

## COLLECTIVE ACTION PETITION

COME NOW Plaintiffs, Craig Adams and Joseph W. Knopp, III, by and through their attorneys undersigned, and on behalf of themselves and others similarly situated as set forth herein, bring the following Collective Action Petition against Defendant, the City of Kansas City, Missouri (hereinafter "City"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

Defendant City employs firefighters to provide fire suppression, rescue, hazardous material, and emergency medical services. At relevant times, certain firefighters pursued and completed elective certifications which entitled them to a higher, "specialty" rate of pay. The City then required these firefighters to work in excess of the work schedule set forth in the *Collective Bargaining Agreement Between City of Kansas City, Missouri and International Association of Fighters, Local 42* (hereinafter the "CBA") without paying wages at a rate of at least one and one-half times the pay rate at which those firefighters were employed. Instead, the City applied the specialty rate for regular time only, and the pre-certification (lower) rate for overtime. These

actions were carried out in violation of the FLSA and the CBA. Plaintiffs seek to recover unpaid overtime wages on behalf of themselves and all similarly situated firefighters.

## JURISDICTION AND VENUE

1. The FLSA authorizes court actions by employees to recover damages for violations of the FLSA wage and hour provisions. This Court has jurisdiction over the FLSA unpaid overtime compensation claims brought by the Plaintiffs and those similarly situated, as expressly provided under 29 U.S.C. § 216(b).

2. Venue in this Court is appropriate pursuant to § 508.010, RSMo., in that the Plaintiffs were first injured due to the unlawful acts of the City in Kansas City, Jackson County, Missouri.

## PARTIES

3. Plaintiffs Craig Adams and Joseph W. Knopp, III work as firefighters for the City. The terms and conditions of their employment, including compensation, are determined by the CBA.

4. The Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated firefighters employed by the City within the last three years to redress the City's willful failure and refusal to pay overtime wages to which the Plaintiffs and others similarly situated are entitled.

5. The Plaintiffs and others similarly situated (collectively "Plaintiffs") consent to become plaintiffs in this action pursuant to 29 U.S.C. § 216(b), as evidenced by the "Consent to Sue" documents attached to this Collective Action Petition as Exhibit A.

6. Plaintiffs are "employees" as defined by 29 U.S.C. § 203(e)(1).

Electronically Filed - Jackson - Kansas City - January 10, 2019 - 04:56 PM

7. The City is a municipal corporation organized under the laws of the State of Missouri with its principal office located at 414 East 12th Street, Kansas City, Missouri 64106 and it can be served with process through its Mayor.

8. The City is an "employer" as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

9. The Plaintiffs are employed by the City and that employment relationship is governed by the CBA, which sets forth among other things, provisions concerning wages and overtime.

10. As to regular work schedules, the CBA provides:

The regular work schedule for personnel assigned to 24-hour shifts shall be as follows. Employees shall work on a 3-shift system with 14 [non-working days], and the regular workweek shall average 49.5 hours per week.

CBA at p. 32.

11. As to overtime, the CBA provides in relevant part:

The normal FLSA work period for employees assigned to 24-hour shifts shall be twenty-eight (28) days. Employees on 24-hour shifts shall receive overtime pay at the rate of time-and-one-half for all hours actually worked in excess of 212 hours in any 28-day work period.

*Id.*

12. The CBA further provides an incentive program for employees obtaining various certifications related to fire suppression. Under the program, certified firefighters are guaranteed addition pay of three to ten percent (3-10%) above what his/her salary would otherwise be, to wit:

B. Special Duty, Assignment and Certification Pay:

1. Members of the Hazardous Materials Team who achieve and maintain the operational level of training and certification shall receive additional pay of three percent (3%) above what his/her salary would otherwise be.

-3-

2. Members of the Hazardous Materials Team who achieve and maintain the technical level of training and certification shall receive additional pay of five percent (5%) above what his/her salary would otherwise be. In addition, the HAZMAT Training Officer will receive additional pay of ten percent (10%) above what his/her salary would otherwise be.

3. Members assigned to the ARFF Division, including certified eligible personnel on Pumper 16, who achieve and maintain the required ARFF training and certification shall receive additional pay of five percent (5%) above what their salary would otherwise be, except for the Training Officer, who shall receive additional pay of ten percent (10%) above what his/her salary would otherwise be. Members assigned to Pumpers 8,9,25,102 DSOs, and any additional companies who are assigned following the execution of this agreement, that achieve and maintain the required ARFF training and certification, shall receive additional pay of three percent (3%) above what their salary would otherwise be.

4. Personnel assigned to Pumper 16 shall receive additional pay of five percent (5%) above what their salary would otherwise be, if they have participated in ARFF training. Members of the Rescue Division shall receive additional pay of five percent (5%) above what their salary would otherwise be.

5. Members transferred to the position of Instructor shall receive a ten percent (10%) specialty pay. The positions covered are Instructors within the Professional Development Bureau, Hazmat Division Instructor, ARFF Division Instructor, Rescue Equipment Coordinator, and Fire Equipment Coordinator.

6. Qualified members eligible to serve as FTO's will receive five percent (5%) specialty pay for time spent actually working as a FTO.

7. An EST regularly assigned to maintenance of cardiac monitors, hydraulic cots, and other technical medical equipment shall receive a ten percent (10%) differential incentive pay. The current individual assigned to that position will continue to fill that assignment. A future vacancy will be offered to EST's by seniority.

8. Credentialed cross trained dual roll members permanently assigned to a cross trained dual rule ALS Company which includes a combined suppression Unit (Pumper, or Rescue) and Squad (ambulance) shall receive three percent (3%) specialty pay.

*Id.* at pp. 68-70.

13. The City breached the CBA by failing to pay its certified firefighters for work performed in excess of 212 hours per 28-day work period, at a rate of at least one and one-half

-4-

Electronically Filed - Jackson - Kansas City - January 10, 2019 - 04:56 PM

times the specialty rate; rather, the City calculated these employees' overtime at a lower, pre-certification rate.

14. The City further breached the CBA by failing to pay its certified firefighters for work performed in excess of 99 hours per pay period - i.e., twice the 49.5 "average regular workweek," at a rate of at least one- and one-half times the specialty rate.

15. The City's failures were knowing and willful.

16. The Plaintiffs are not exempt from the overtime wage provision of the FLSA.

17. Plaintiffs are suing the City in part, as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all who file a Consent to Sue form with the Court.

18. Plaintiffs seek relief on a collective basis challenging the City's violations of the FLSA and CBA for failing to pay all overtime hours worked by certified firefighters at the specialty or certification rate. The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from City and IAFF Local 42 records. Potential opt-in plaintiffs may be notified of the pendency of this collective action.

## COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

20. At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

21. The FLSA regulates, among other things, the payment of overtime to employees who are employed pursuant to a collective bargaining agreement.

Case 4:19-cv-00093-WBG   Document 1-1   Filed 02/08/19   Page 7 of 13

22. Under § 207(k) of the FLSA, firefighters are not bound to a traditional 40-hour workweek for the calculation of overtime, but instead may extend the relevant work period to 28 days, to wit:

> No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if--
>
> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days...

29 U.S.C. § 207(k).

23. The maximum-hours provision of the FLSA pertaining to firefighters, requires employers to pay any covered employee, "not less than one and one-half times the *regular rate* at which he is employed." 29 U.S.C. § 207(k) (emphasis added).

24. Pursuant to U.S. Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in a wage contract." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).

25. The FLSA further provides that "the 'regular rate' at which an employee is employed shall be deemed to include *all remuneration* for employment paid to, or on behalf of, the employee..." 29 U.S.C. § 207(e) (emphasis added).

26. Pursuant to the FLSA and the CBA, Plaintiffs' "regular rate" includes specialty or certification pay.

27. The City violated the FLSA by failing to pay the Plaintiffs for hours worked in excess over 216 hours in any 28-day work period at a rate of at least one and one-half times the Plaintiffs' "regular rate," or the hourly rate actually paid for the non-overtime workweek for which such firefighters were employed.

28. Plaintiffs are entitled to damages equal to the CBA mandated overtime pay for firefighters with certifications, within the three years preceding the filing of this Collective Action Petition, plus periods of equitable tolling, because the City acted willfully, knowingly, or with reckless disregard for whether its conduct was prohibited by the FLSA.

29. Plaintiffs have made multiple demands upon the City over many months for reimbursement of overtime, but the City has repeatedly failed and refused to pay.

30. The City has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result, the Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted under the FLSA. Alternatively, should the Court determine the City did not act willfully in failing to pay overtime at the specialty rate, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

31. The FLSA contains a fee-shifting statute, directing an award of payment of attorney's fees and costs by a defendant to a successful plaintiff. In addition, the FLSA provides

that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Unlike other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to prevailing FLSA plaintiffs is mandatory. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

32. As a result of the aforementioned unlawful conduct by the City, the Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against the City for its FLSA violations herein and pray for compensatory damages, liquidated damages, attorney's fees and costs as provided under the FLSA, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT II - BREACH OF CONTRACT

33. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. On or about May 1, 2015, Plaintiffs entered into an employment contract with the City, specifically, the CBA.

35. Plaintiffs provided valuable consideration and have satisfied all of their obligations under the CBA.

36. Under the CBA, the City promised to pay Plaintiffs at a rate of at least one and one-half times the specialty rate for work performed in excess of 212 hours per 28-day work period and in excess of 99 hours per regular pay period. The City failed to uphold its promises and breached the CBA.

37.     Each of the City's failures herein are material breaches of the CBA and have caused Plaintiffs to suffer damages including underpayment of overtime wages.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against the City for its breach of the CBA herein and pray for compensatory damages, liquidated damages, attorney's fees and costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

38.     Plaintiffs demand a trial by jury.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

_____
John B. Boyd              Mo. Bar No. 23716
Raymond E. Salva, Jr.     Mo. Bar No. 66191
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: jbboyd@bktplaw.com
E-mail: rsalva@bktplaw.com

ATTORNEYS FOR PLAINTIFFS

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CRAIG ADAMS ET AL

                **PLAINTIFF(S),**        **CASE NO.** 1916-CV01667

VS.                                                               **DIVISION 15**

CITY OF KANSAS CITY, MISSOURI,

                **DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JALILAH OTTO on 29-APR-2019 in DIVISION 15 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JALILAH OTTO
JALILAH OTTO, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
RAYMOND EUGENE SALVA, 221 WEST LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64050

Defendant(s):
CITY OF KANSAS CITY, MISSOURI

Dated: 18-JAN-2019

MARY A. MARQUEZ
Court Administrator