# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOUIR
# AT KANSAS CITY

| | |
|---|---|
| CRAIG ADAMS and )<br>JOSEPH W. KNOPP, III )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>THE CITY OF KANSAS CITY, MISSOURI )<br> )<br>Defendants. | Case No. 4:19-cv-00093-JTM |

## DEFENDANT CITY OF KANSAS CITY'S
## ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant City of Kansas City, Missouri (hereinafter "City"), by and through its attorneys of records, and for its answer to Plaintiff's Petition for Damages, state the following:

1. The allegations in paragraph 1 are legal conclusions that need no answer. To the extent an answer is needed, the City denies the allegations in paragraph 1.

2. The allegations in paragraph 2 are legal conclusions that need no answer. To the extent an answer is needed, the City denies the allegations in paragraph 2.

3. The City admits the Plaintiffs are firefighters for the City. The remaining allegations in paragraph 3 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 3.

4. The allegations in paragraph 4 are legal conclusions and require not answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 4.

5. The allegations in paragraph 5 are legal conclusions and require not answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 5.

6. The allegations in paragraph 6 are legal conclusions and require not answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 6.

7. The City admits the allegations in paragraph 7.

8. The allegations in paragraph 8 are legal conclusions and require not answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 8.

9. The City admits the allegations in paragraph 9.

10. The document speaks for its self. To the extent an answer is needed the City denies paragraph 10.

11. The document speaks for its self. To the extent an answer is needed the City denies paragraph 11.

12. The document speaks for its self. To the extent an answer is needed the City denies paragraph 12.

13. The allegations in paragraph 13 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 13.

14. The allegations in paragraph 14 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 14.

15. The allegations in paragraph 15 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 15.

16. The allegations in paragraph 16 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 16.

17. The allegations in paragraph 17 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 17.

18. The allegations in paragraph 18 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 18.

19. The allegations in paragraph 19 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 19.

20. The allegations in paragraph 20 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 20.

21. The allegations in paragraph 21 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 21.

22. The allegations in paragraph 22 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 22.

23. The allegations in paragraph 23 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 23.

24. The allegations in paragraph 24 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 24.

25. The allegations in paragraph 25 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 25.

26. The allegations in paragraph 26 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 26.

27. The allegations in paragraph 27 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 27.

28. The allegations in paragraph 28 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 28.

29. The allegations in paragraph 29 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 29.

30. The allegations in paragraph 30 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 30.

31. The allegations in paragraph 31 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 31.

32. The allegations in paragraph 32 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 32.

33. The allegations in paragraph 33 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 33.

34. The allegations in paragraph 34 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 34.

35. The allegations in paragraph 35 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 35.

36. The allegations in paragraph 36 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 36.

37. The allegations in paragraph 37 are legal conclusions and require no answer. To the extent an answer is needed, Defendants deny the allegations in paragraph 37.

## **AFFIRMATIVE DEFENSES**

As affirmative defenses to Plaintiff's claims, Defendant City states and alleges the following:

1. Plaintiff's Petition fails to state a claim, for one of more of the following reasons:
    a. The class seeking to be certified was appropriately paid overtime; and

4

Case 4:19-cv-00093-JTM   Document 3   Filed 02/25/19   Page 4 of 6

b. The class seeking to be certified is exempt from FLSA overtime provisions in accordance with 29 U.S.C. § 207(k); and

c. The class seeking to be certified falls within the definition of an employee in fire protection activities defined in 29 U.S.C. § 203(y); and

d. The City has fully complied with the FLSA wage-and-hour payment provisions.

2. The City is protected by 29 U.S.C. § 260 because the City has acted in good faith and had reasonable grounds to believe it was not violating the FLSA.

3. Collective or class action relief is not appropriate because the City did not act pursuant to a uniform policy or plan.

4. Plaintiffs are not similarly situated to putative collective action individuals who they purport to represent.

5. Collective or class action relief is not appropriate because individual liability and damages issues predominate over issues generally applicable to the class or collective action.

6. Plaintiffs have failed to mitigate their damages.

7. Plaintiff's claim against Defendant is to be reduced as a matter of law, by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment that may occur prior to or during trial pursuant to Section 537.060 RSMo.

8. Punitive damages are not available against municipalities.

9. Plaintiffs have failed to include a necessary party, as International Association of Firefighters, Local 42 is a party to the contract at issue.

10. Plaintiffs are estopped from asserting breach of contract, as they have agreed, through their agent IAFF Local 42, to the payment arrangements indicated.

11. Defendant reserves the right to later include any affirmative defenses that become apparent to Defendant through discovery.

**WHEREFORE**, having fully answered the claims made by Plaintiff in her Petition for Damages, Defendants City, Collins, and Kern pray this Court to enter a judgment in their favor, that costs be assessed against Plaintiff, and for such other relief as the Court shall deem just and proper.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY

By: __/s/Tara M. Kelly_____
Tara M. Kelly, #64624
Assistant City Attorney
2300 City Hall, 414 E. 12th Street
Kansas City, Missouri 64104
Telephone: (816) 513-3117
Facsimile: (816) 513-2716
Email: tara.kelly@kcmo.org
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to all counsel of record through the Court's ECF system, this 25th day of February, 2019.

_/s/Tara M. Kelly_____
Tara M. Kelly

6

Case 4:19-cv-00093-JTM   Document 3   Filed 02/25/19   Page 6 of 6