# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CRAIG ADAMS and JOSEPH KNOPP, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 19-CV-00093-W-WBG ) |
| CITY OF KANSAS CITY, MISSOURI, | ) ) |
| Defendant. | ) |

## ORDER

Pending are Defendant City of Kansas City, Missouri's Motion to Certify Summary Judgment Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 581) and a Motion to Stay Proceedings During the Pendency of the City's Motion to Certify and Any Resulting Interlocutory Appeal (Doc. 583). For the following reasons, both motions are **DENIED**.

## I. BACKGROUND[1]

Plaintiffs are firefighters employed by Defendant. They brought this Fair Labor Standards Act ("FLSA") collective action because Defendant does not pay wage augments for any hours worked over 99 hours in a two-week pay period. Wage augments provide additional compensation for special duties, assignments, and certifications. The augments range from three to ten percent of a firefighter's salary or an additional $25 to $75 per pay period.

In late 2020, Plaintiffs and Defendant filed summary judgment motions. Docs. 556, 558. In September 2021, the Court granted summary judgment in favor of Plaintiffs on the issue of

---

[1] A more thorough discussion of the underlying facts in this matter is included in the Court's September 29, 2021 Order. *See* Doc. 570 at 3-6.

liability and denied Defendant's summary judgment motion.  Doc. 570.  Since October 2021, this matter has been set for a jury trial to begin on March 7, 2022.  Docs. 572-73.

On December 1, 2021, Defendant filed a Motion to Certify Summary Judgment Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 581) and a Motion to Stay Proceedings During the Pendency of the City's Motion to Certify and any Resulting Interlocutory Appeal (Doc. 583).  Defendant asks the Court to certify two questions for the Eighth Circuit's review: (1) "whether the City's calculation of overtime rates with respect to certain 'wage augments' violates the FLSA," and (2) "whether the City properly applies 29 C.F.R. § 778.114's 'fluctuating workweek method' of calculating overtime."  Doc. 581 at 1; Doc. 582 at 1, 3-4.  On December 15, 2021, Plaintiffs filed their Opposition to Defendant's Motion to Certify, arguing the motion should be denied because it fails to meet the section 1292(b) criteria.  Doc. 585.  Plaintiffs did not respond to Defendant's Motion to Stay, and the time for doing so has passed.  L.R. 7.0(c)(2).  On December 29, 2021, Defendant filed its Reply in further support of its Motion to Certify.  Doc. 587.[2]

## II. MOTION TO CERTIFY

This Court may certify "an order not otherwise appealable" if the district court is "of the opinion that" (1) the order "involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994).  The party seeking certification "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White*, 43 F.3d at 376.  The Eighth Circuit has held motions for certification under 28 U.S.C. § 1292(b) "should . . . be used only in exceptional cases where a decision on appeal may avoid protracted and expensive

---

[2] Additional motions have been filed (*see* Docs. 584 and 586) but this Order does not address those motions.

litigation . . . . " *Id*. at 376 (citation omitted). Accordingly, district courts should "sparingly" grant section 1292(b) motions. *Id.* (citation omitted); *see also Control Data Corp. v. Int'l Bus. Machs. Corp,* 421 F.2d 323, 325 (8th Cir. 1970) (recognizing the policy of the courts has been to "discourage piecemeal appeals because most often such appeals result in additional burdens to both the courts and the litigants.").

A.  **Controlling Question of Law**

Section 1292(b) does not provide a definition of "controlling question of law." But courts have found a controlling question of law exists when there is a pure question of law or when the resolution of an issue on appeal could materially affect the outcome of the litigation. *See S.B.L. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996) (noting "the question of institutional liability" under Title IX presented a controlling question of law); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) (citations omitted) (finding a question of law refers "to a 'pure' question of law," such as "the meaning of a statutory or constitutional provision, regulation, or common law doctrine"); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (citations omitted) (finding the appellate court's reversal of the district court's order would terminate the action, and thus, the question of law was controlling).[3]

---

[3] District courts, including this one, have reached similar conclusions. *See*, *e.g.*, *In re VeroBlue Farms USA, Inc.*, No. 21-CV-3017-CJW-KEM, 2021 WL 3260087, at *4 (N.D. Iowa June 30, 2021) (citation omitted); *Murphy v. Lab. Source, LLC*, No. 19-CV-1929 (ECW), 2021 WL 527932, at *6 (D. Minn. Feb. 12, 2021) (citations omitted); *Telligen, Inc. v. Atl. Specialty Ins. Co.*, No. 4:18-CV-00261-RGE-SBJ, 2019 WL 9575233, at *2 (S.D. Iowa Sept. 18, 2019) (citation omitted); *Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013) (citations omitted); *Emps. Reinsurance Corp. v. Mass. Mut. Life Ins. Co.*, No. 06-0188-CV-W-FJG, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010) (citations omitted).

3

### (1) Question Regarding Wage Augments

Defendant first asks the Court to certify for appeal whether its "calculation of overtime rates with respect to certain 'wage augments' violates the FLSA." Doc. 581 at 1; Doc. 582 at 1, 3-4. If the Eighth Circuit were to reverse this Court's finding that Defendant violated the FLSA by failing to pay firefighters' wage augments for any hours worked over 99 hours in a two-week pay period, this action would be terminated. Consequently, the question regarding wage augments is a controlling question of law.

### (2) Question Regarding the Fluctuating Workweek Method

The second question Defendant seeks to certify is whether it properly applied the fluctuating workweek method when calculating overtime. Doc. 581 at 1; Doc. 582 at 1, 3-4. This issue, however, was not decided by this Court. *See* Doc. 570 at 19-21. As more fully discussed in its September 29, 2021 Order, the Court did not decide this issue because neither party sought summary judgment on whether Defendant properly utilized the fluctuating workweek method, and the record was not fully developed. *Id*. at 19-21. Hence, there is no decision on this issue for the Eighth Circuit to review. For this reason, the Court **DENIES** Defendant's Motion to Certify its second question regarding the fluctuating workweek method of calculating overtime.

### B. Substantial Ground for Difference of Opinion

"[I]dentification of a sufficient number of conflicting and contradictory opinions" satisfies the substantial ground for difference of opinion requirement. *White*, 43 F.3d at 378 (citation and internal quotations omitted); *see also Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) (citation omitted). To determine if there is substantial ground for dispute, courts "analyze the strength of the arguments in opposition to the challenged ruling." *McNamara v. Katten Muchin Rosenman LLP*, No. 4:16-CV-01203-SRB, 2017 WL 11493632, at *2 (W.D. Mo.

Apr. 21, 2017) (citations omitted). While there may be disagreement among courts outside the controlling circuit, that does not establish a substantial ground for difference of opinion. *Id*. at *2. But a difference of opinion within the controlling circuit would warrant certification of appeal. *Id*.

**(1) Question Regarding Wage Augments**

In its motion, Defendant did not identify how section 1292(b)'s second requirement is met with regard to whether it properly calculated overtime rates with wage augments under the FLSA. *See* Doc. 582. It was not until its reply that Defendant addressed the second requirement on the first question it seeks to certify. *See* Doc. 587 at 6-9. Generally, courts do not address issues and arguments raised for the first time in a reply. *See United States v. Wilkens*, 742 F.3d 354, 360 n.2 (8th Cir. 2014) (citation omitted). For this reason alone, the Court could disregard the newly asserted arguments. But it chooses to address Defendant's arguments.

In its reply, Defendant argued there is substantial ground for difference of opinion because the first question presents a "difficult, novel" issue in the Eighth Circuit, "appears to be a question of first impression in this circuit, and may even be contrary to other decisions within this circuit." Doc. 587 at 6. Defendant, however, cites only one case – *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857 (8th Cir. 2021) – that it claims conflicts with this Court's September 29, 2021 Order. *Id*. at 5-7.

Defendant argues this Court's decision conflicts with the Eighth Circuit's decision in *Zimmerli*, which involved "similar facts" and involved "the same CBA, the same FLSA exemption, and the same defendant." *Id*. at 7. Although it claims *Zimmerli* dictated a different result in the matter before this Court, Defendant never cited *Zimmerli* in any of its summary judgment briefing. *See* Docs. 558-60, 564. Regardless, *Zimmerli* did not address the issue

Defendant seeks to certify – i.e., whether Defendant properly calculated overtime rates with wage augments under the FLSA. *See Zimmerli*, 996 F.3d at 863-69.

As set forth in the Court's September 29, 2021 Order, the FLSA required Defendant to pay firefighters for overtime hours worked at the rate of one and one-half times the regular rate, and numerous courts have held wage augments should be included in the regular rate. Doc. 570 at 9-16. Most opinions on the issue do not conflict or contradict this Court's opinion. *See id*. Tellingly, Defendant's motion cites no opinion that conflicts with the Court's decision that wage augments should be included in the regular rate. Accordingly, Defendant has not met section 1292(b)'s second requirement for certification on the wage augment question. For this reason, the Court **DENIES** Defendant's Motion to Certify its first question.

**(2)   Question Regarding the Fluctuating Workweek Method**

As explained above, this Court did not issue an opinion on whether Defendant properly utilized the fluctuating workweek method. Because no decision has been rendered on the issue, the Court cannot determine whether there are or, more accurately, will be conflicting and contradictory opinions on the issue. Thus, Defendant failed to meet the second requirement for certification with regard to the fluctuating workweek method. For this additional reason, the Court **DENIES** Defendant's Motion to Certify its second question.

**C.   Undeveloped Record**

Because the Court finds Defendant has not satisfied the first two requirements for certifying either question Defendant seeks to appeal, it is unnecessary for the Court to address the third criterion. Yet, even if the Court were to address and find that the third criterion was somehow met, the Court's decision on Defendant's Motion to Certify would remain unchanged.

The Eighth Circuit has held "even if all three requirements are satisfied, the factual basis of a claim must be developed so that 'we can make a precise decision upon a precise record – not an abstract answer to an abstract question.'" *S.B.L.*, 80 F.3d at 310 (quoting *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 407 (8th Cir. 1979)). "Consideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision." *Paschall*, 605 F.2d at 406. This is because, as the Eighth Circuit noted, section 1292(b)'s purpose is not for the appellate courts "to offer advisory opinions 'rendered on hypotheses which (evaporate) in the light of full factual development.'" *Id*. (quoting *Minn. v. U.S. Steel Corp.*, 438 F.2d 1380, 1384 (8th Cir. 1971)). Only with a fully developed record can the Eighth Circuit identify "exactly how the problem arose before [it can] fashion a response." *S.B.L.*, 80 F.3d at 310-11.

Because the record is not fully developed with regard to Defendant's use of the calculating workweek method to calculate overtime, this Court could not and has not rendered a decision on that issue. The facts surrounding Defendant's use of the fluctuating workweek method will be presented at the jury trial in March 2022. Until those facts are included in the record, any question surrounding Defendant's use of the fluctuating workweek method is not ripe for appeal. *See Barfield v. Sho-Me Power Elec. Coop.*, No. 2:11-CV-04321-NKL, 2012 WL 12902766, at *2 (W.D. Mo. Oct. 5, 2012) (finding an appeal was not ripe because the factual basis of a claim was not sufficiently developed, and the particular legal question could not be resolved until the facts were developed). If the Court were to certify the question, the Eighth Circuit would render "an abstract answer to an abstract question," which defeats the purpose of section 1292(b). *Paschall*, 605 F.2d at 407 (citation omitted). For this additional reason, the Court **DENIES** Defendant's Motion to Certify.

### III. MOTION TO STAY

Along with its Motion to Certify, Defendant asked the Court to stay this matter while the Motion to Certify was pending, and if the motion was granted, stay the matter during the pendency of any associated interlocutory appeals. Doc. 583. In the light of the Court's denial of Defendant's Motion to Certify, Defendant's motion to stay is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Certify Summary Judgment Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 581) and a Motion to Stay Proceedings During the Pendency of the City's Motion to Certify and Any Resulting Interlocutory Appeal (Doc. 583) are **DENIED**.

IT IS SO ORDERED.

DATE: January 14, 2022

  */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE