IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRAIG ADAMS and JOSEPH KNOPP, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF KANSAS CITY, MISSOURI, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 19-CV-00093-W-WBG ) ) ) ) ) |

## ORDER

Pending are Defendant City of Kansas City, Missouri's Motion in Limine on Damages (Doc. 584), and Plaintiffs Craig Adams and Joseph Knopp's Motion to Enforce Discovery. Doc. 586. For the following reasons, both motions are **DENIED**.

### I. BACKGROUND[1]

**A. Initial Scheduling Order**

This Fair Labor Standards Act ("FLSA") collective action was filed in January 2019 and removed to this Court in February 2019. Doc. 1; Doc. 1-1 at 3-13. In May 2019, the Court issued its Scheduling and Trial Order. Doc. 8. Relevant here, any discovery motion was to be filed by November 29, 2019. *Id.* at 1. The Court directed movants to comply with Local Rule 37.1, which is explained in further detail *infra*, before filing a discovery motion. *Id.* at 1-2. Prior to the discovery motion deadline, no discovery telephone conferences were held with the Honorable John Maughmer, to whom this matter was initially assigned,[2] and neither party filed a discovery motion.

---

[1] The Court only includes background information relevant to the two pending motions.

[2] On September 28, 2020, this matter was transferred to the undersigned, and on October 19, 2020, the parties consented to the undersigned's jurisdiction. Docs. 553, 555, 555-1.

### B. Amended Scheduling Order

In January 2020, Judge Maughmer granted in part Plaintiffs' motion for conditional certification. Doc. 45. Simultaneously, the Court amended its Scheduling Order. *Id*. at 7-8. Among other things, the Court directed the parties to complete all discovery by July 24, 2020. *Id*. at 7. No discovery telephone conferences were held with Judge Maughmer, and neither party filed a discovery motion before the extended discovery deadline.

### C. Summary Judgment Order and Subsequent Scheduling Conference

On September 29, 2021, the Court issued its decisions on the parties' cross-motions for summary judgment. Doc. 570. Shortly thereafter, the Court set a scheduling conference for October 20, 2021. Doc. 571. During the scheduling conference, Plaintiffs indicated they needed additional discovery and access to Defendant's payroll software. Doc. 572. The Court encouraged counsel to meet and confer with one another on the issues raised by Plaintiffs. Doc. 572. The Court also directed the parties to work with the Court's Mediation and Assessment Program Director, who previously mediated this matter, to resolve Plaintiffs' request for discovery and request to access Defendant's payroll software, as well as the matters to be tried. Docs. 572, 574.

### D. Status Conference

On November 22, 2021, the Court held a status conference. Doc. 577. During the hearing, Plaintiffs' counsel stated discovery was still outstanding, and their expert needed access to Defendant's payroll software. Again, the Court encouraged the parties to meet and confer to resolve Plaintiffs' concerns. If the parties were unable to resolve those issues, the Court ordered any motion related to data access and/or discovery be filed by December 15, 2021, and any response be filed by December 29, 2021. *Id*.

### E. The Pending Motions

On December 15, 2021, Defendant filed a Motion in Limine (Doc. 584), and Plaintiffs filed a Motion to Enforce Discovery (Doc. 586). Both motions pertain to Plaintiffs' damages.

### (1) Defendant's Motion

Defendant moves to exclude any evidence of Plaintiffs' damages at trial due to their noncompliance with Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Doc. 584. Plaintiffs served their Rule 26(a) initial disclosures on July 28, 2020. Doc. 584-1; *see also* Doc. 533. Therein, they state, "[i]n this Fair Labor Standards Act ('FLSA') Collective Action against Defendant…, Defendant is Plaintiffs' employer and therefore Defendant is the sole source of discovery information that the Plaintiffs may use to support their claims." *Id*. at 2. They also assert the initial disclosures "are based upon information known and reasonably available to Plaintiffs at this time," they "reserve their right to revise, amend, and[/]or supplement," "Defendant's practice of underpaying Plaintiffs' overtime…is ongoing," and they "require payroll information from Defendant on a periodic basis in order to update or supplement Plaintiffs' damages calculations." *Id*. Appendix A to the initial disclosures "describe[d] damages claimed by the Plaintiffs," and listed the "annual underpayment of wages" for each collective action member for 2016, 2017, 2018, and 2019. *Id*. at 1, 4-8.

Defendant contends Plaintiffs' initial disclosures "are simply lists of numbers, devoid of any computations, showing the purported damages," and "[t]here are no documents or other evidentiary materials on which the computation is based." Doc. 584 at 1-2. It also argues the initial disclosures omitted calculations related to "willfulness damages," liquidated damages, and attorneys' fees. *Id*. at 2, 4. Due to these omissions, Defendant argues Plaintiffs should not be permitted to present evidence of their damages at trial. *Id*. at 1, 4-8. Defendant requests that if the

3

Court permits evidence of Plaintiffs' damages that discovery be reopened with regard to Plaintiffs' damage calculations, and Defendant be allowed to name a rebuttal expert on damages. *Id*. at 7-8.

Plaintiffs oppose Defendant's motion for several reasons. In summary, Plaintiffs argue Defendant failed to establish compliance with Rule 37 of the Federal Rules of Civil Procedure before filing its motion. Doc. 591 at 2-3. They also maintain Defendant possesses all necessary information to calculate overtime underpayments and have access to the payroll software where "regular rates can be entered…for overtime compensation." *Id*. at 4-6. In addition, Plaintiffs argue their method for computing underpayment of overtime compensation was detailed in their October 2020 summary judgment motion. *Id*. at 4-5 (citing Doc. 557 at 6-11). They also contend striking evidence of their damages would amount to an unwarranted dismissal. *Id*. at 9-12.

In its reply, Defendant argues it was not required to ensure Plaintiffs met their Rule 26 disclosure obligations. Doc. 593 at 2-3. Regardless, Defendant argues Plaintiffs had the necessary information to calculate their damages because Defendant produced pay stubs for each collective action member in PDF format and provided the underlying data for the pay stubs in a manipulable spreadsheet. *Id*. at 2. In addition, Defendant argues Plaintiffs could have inquired about its payroll software when they took depositions in this matter. *Id*. It also informs the Court that although Plaintiffs served amended initial disclosures on December 31, 2021, Plaintiffs failed to identify "willfulness damages," liquidated damages, and attorneys' fees. *Id*. at 6-7.

**(2)  Plaintiffs' Motion**

Plaintiffs' motion pertains to discovery they propounded in May 2019. Doc. 586; *see also* Doc. 9. In their First Request for Production of Documents, Plaintiffs asked "the City make any and all electronic databases…which contain…firefighter payroll records, available for inspection within forty-five (45) days." Doc. 586 at 2; Doc. 586-1. After Defendant failed to respond to the

4

request, Plaintiffs' counsel sent a letter asking defense counsel when she was available to discuss Defendant's failure to respond. Doc. 586-3.[3] Plaintiffs represent Defendant never offered a date and time for the requested inspection. Doc. 586 at 2. They argue Defendant did not respond to the request to inspect payroll data, and therefore, has waived any objection to the request. *Id*. at 3. Plaintiffs move for an order requiring Defendant to provide Plaintiffs' expert reasonable and meaningful access to Defendant's payroll software as well as assistance from one of Defendant's payroll specialists to guide the expert through the payroll process. *Id*. at 2.

Defendant argues Plaintiffs' motion is untimely pursuant to the Court's deadlines. Doc. 588 at 1. It also represents Plaintiffs did not communicate with defense counsel after the October 2021 status conference, contrary to the Court's instruction. *Id*. at 2. Regardless, Defendant states it previously confirmed what information Plaintiffs' counsel needed, and it provided the requested information from its payroll software. *Id*. at 2-3. Defendant also argues Plaintiffs have not demonstrated why access to the payroll software is necessary. *Id*. at 1-2.

In their reply, Plaintiffs claim access to the payroll software is necessary to confirm the validity and enhance the accuracy of damage calculations. Doc. 592 at 1-2. They maintain the payroll software performs some calculations that do not appear on an employee's pay stub. *Id*. They would like Defendant to "pull back the curtain" and "reveal the rules it created in its payroll software to produce pay data under all circumstances." *Id*. at 4-5 (emphasis in original).

---

[3] Based on the docket, it remains unclear if Defendant ever served its initial responses to Plaintiffs' First Request for Production of Documents. In November 2019, Defendant filed a certificate of service indicating it served Answers and Objections to Plaintiffs' Second Request for Production of Documents. Doc. 18. In September 2020, after discovery closed, Defendant filed a certificate of service indicating it served supplemental responses to Plaintiffs' "Request for Production of Documents." Doc. 547. It it unclear if the supplemental responses pertain to Plaintiffs' first or second request for documents. *See id.* Regardless, according to the Local Rules, "A party must file a certificate of service when it serves any discovery document." L.R. 26.3(b). Defendant never filed a certificate of service for its initial responses to Plaintiffs' First Request for Production of Documents. Further, in response to Plaintiffs' motion, Defendant does not affirmatively state it served said responses. *See* Doc. 588. Nor does Defendant indicate it responded to Plaintiffs' counsel request to meet and confer to discuss access to the payroll software. *See id.*

## II. RELEVANT RULES

The parties' motions implicate Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and the Court's Local Rule 37.1.

**A.     Rule 26**

Rule 26 requires certain initial disclosures that "a party must, without awaiting a discovery request, provide to the other parties." Fed. R. Civ. P. 26(a)(1)(A). Initial disclosures must be served within fourteen days of the parties' Rule 26(f) conference unless otherwise directed by the Court. Fed. R. Civ. P. 26(a)(1)(C). Relevant to this matter, a party must disclose the following:

> [A] computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii). If a party "learns that in some material respect" a Rule 26(a) initial disclosure or discovery response is "incomplete or incorrect" and "the additional or corrective information has not otherwise been made known to the other part[y] during the discovery process or in writing," the party must supplement or correct the disclosure or response "in a timely manner" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A)-(B).

**B.     Rule 34**

Rule 34 governs, *inter alia*, requests for inspection and production of documents. Fed. R. Civ. P. 34(a). The responding party must "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A party has thirty days to respond to said requests. Fed. R. Civ. P. 34(b)(2)(A).

**C.     Rule 37**

Rule 37 pertains to motions asking the Court to compel disclosure or discovery. Fed. R. Civ. P. 37. A motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). If a court compels disclosure or discovery, it may order the nonprevailing party to pay the prevailing party's reasonable expenses incurred in making or defending the motion. Fed. R. Civ. P. 37(a)(5).

"If a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…to supply evidence…at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[O]n motion and after giving an opportunity to be heard," the court, in addition to or instead of the foregoing sanction, may require the noncompliant party to pay "reasonable expenses, including attorney's fees, caused by the failure" or "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)-(C).

If a party fails to respond to a request for inspection or production, the party may be sanctioned. Fed. R. Civ. P. 37(d)(1). When seeking sanctions against the nonresponsive party, the movant must certify it "has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the…response without court action." Fed. R. Civ. P. 37(d)(1)(A). The Court may sanction the nonresponsive party by, among other things, striking pleadings, dismissing the action, prohibiting the nonresponsive party from supporting its claim/defense, and requiring the nonresponsive party to pay reasonable expenses and fees caused by its failure. Fed. R. Civ. P. 37(b)(2)(A)(i), 37(d)(3).

D.     **Local Rule 37.1**

In this Court, there are two prerequisites for filing a discovery motion. L.R. 37.1. First, the moving party's attorney must, "in good faith, confer [ ] or attempt [ ] to confer by telephone or in person with opposing counsel concerning the matter." L.R. 37.1(a)(1). To satisfy the meet and confer requirement, the attorney must "do more than merely write a demand letter." *Id*. Second, "If the issues remain unresolved after the attorney has satisfied Rule 37.1(a)(1), the attorney must arrange with the Court for an immediate telephone conference with the judge and opposing counsel." L.R. 37.1(a)(2).

### III.     DISCUSSION

Both pending motions pertain to Plaintiffs' damages. Defendant argues Plaintiffs failed to provide computation of their damages, and Plaintiffs contend Defendant did not provide the necessary information and/or access to its payroll software for Plaintiffs to provide more detailed damages. Regardless, the parties raise issues that should have been addressed and resolved before discovery closed in July 2020. Now, the parties are weeks from trying this matter, and the Court must resolve these untimely discovery issues.

A.     **Purpose of Discovery**

The purpose of "discovery procedure is to narrow the issues, *to eliminate surprise,* and to achieve substantial justice." *Mabey v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) (quoting *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134, 143 (8th Cir. 1968) (emphasis supplied)). Discovery is "meant to insure…parties can obtain '[m]utual knowledge of all the relevant facts gathered by both parties.'" *Id.* (quoting *Greyhound Lines*, 402 F.2d at 143). Because of Rules 26 through 37 of the Federal Rules of Civil Procedure, "[t]he way is now clear . . . for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329

8

U.S. 495, 501 (1947). But issues cannot be narrowed, surprises cannot be eliminated, mutual knowledge of the relevant facts cannot be obtained, and substantial justice cannot be achieved unless the parties and their attorneys satisfy the discovery rule requirements. With these tenets in mind, the Court turns to the pending motions.

**B.    Defendant's Motion**

Defendant moves to exclude evidence of Plaintiffs' damages at trial because they failed to comply with Rule 26(a)'s requirement to provide "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiffs served initial disclosures on July 28, 2020.[4] Related to damages, Plaintiffs explained they needed additional documents from Defendant but provided the "annual wage underpayment" for each collective action member for 2016 through 2019. *See* Doc. 584-1. Defendant argues Plaintiffs' disclosure does not include a "computation of each category of damages" they claim. *See* Doc. 584.

"Computation" is not defined in Rule 26, and neither party cites an Eighth Circuit decision where the term is defined. *See* Docs. 584, 591. An advisory committee note to the 1993 amendments to Rule 26 indicates a party must make available for inspection and copying any documents supporting the party's "calculation" of damages. Fed. R. Civ. P. 26(a)(1) advisory committee's note to 1993 amendment. Calculation, however, is not defined.

Nonetheless, this Court and other courts have discussed these terms. In *Gillespie v. Block Maintenance Solutions*, the Honorable Greg Kays explained a party satisfies Rule 26(a)(1)(A)(iii) if the party "provide[s] a summary of damages calculations for each individual claim *and* a total

---

[4] Neither party addresses why Plaintiffs did not serve their initial disclosures within fourteen days of the parties' Rule 26(f) conference, which occurred sometime before May 7, 2019 (*see* Doc. 7 at 1), or why Plaintiffs' initial disclosures were not served until <u>after</u> discovery closed on July 24, 2020 (*see* Doc. 45 at 7). In addition, there is no certificate of service, contrary to Local Rule 26.3(b)'s requirement, establishing Defendant served its initial disclosures. Thus, it is unknown if Defendant served its initial disclosures.

9

amount of damages sought." No. 12-947-CV-W-DGK, 2013 WL 6199198, at *2 (W.D. Mo. Nov. 27, 2013). Judge Kays ordered the plaintiff to provide "a separate computation for each claim that clearly demonstrates, with numerical figures, how Plaintiff calculated the amount of damages" and "how he arrived at the particular amount." *Id*. The computation could "be accomplished by demonstrating the number of hours worked (in addition to providing a fair estimation of hours that will be worked) multiplied by the hourly rate." *Id*.

Similarly, other courts have determined a computation of damages under Rule 26(a) should include "some analysis," "specific dollar amounts and the computations supporting the amounts requested," something "more than a mere dollar amount" or a "lump sum," or "the basic method or formula" for calculating damages." *See*, *e.g.*, *Liberty Ins. Underwriters, Inc. v. Beaufurn, LLC*, No. 1:16CV1377, 2021 WL 2109479, at *5 (M.D.N.C. May 25, 2021) (collecting cases); *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-cv-01820-JAD-NJK, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015) (citations omitted); *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 4080310, at *1-3 (M.D. Pa. Aug. 13, 2013); *Majdalani v. Legacy Bank*, No. 06-1317-MLB, 2007 WL 2694043, at *2 (D. Kan. 2007); *Doggett v. Perez*, No. CS-02-282-AAM, 2004 WL 2939600, at *5 (E.D. Wash. Mar. 4, 2004) (citation omitted); *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (citations omitted).

**(1)** **Underpayment of Overtime Compensation Damages**

Defendant contends Plaintiffs' damage disclosures related to underpayment of overtime compensation are akin to those in *Carmody v. Kansas City Board of Police Commissioners*, 713 F.3d 401 (8th Cir. 2013). Doc. 584 at 2, 4-5, 7. In *Carmody*, police officers, in response to a summary judgment motion, submitted affidavits that provided for the *first time* the number of uncompensated hours they had worked and the amount of money they believed they were owed.

10

713 F.3d at 404. Prior to these affidavits, the officers never "suggest[ed] the number of uncompensated hours or the amount of money owed." *Id*. They claimed they needed access to the defendant's documents to provide said information. *Id*.

In *Carmody*, the defendant moved to strike the affidavits, arguing the officers failed to comply with their Rule 26 obligations. *Id*. The district court struck the affidavits because their timing was "extremely prejudicial" to the defendant, admitting the affidavits probably would have required reopening discovery and would have prolonged the litigation, and a continuance would not have alleviated the prejudice to the defendant. *Id*. at 404-05. The district court recognized striking the affidavits was tantamount to dismissal but found "lesser sanctions would not adequately penalize the plaintiffs." *Id*. at 405. The Eighth Circuit affirmed the decision. *Id*.

The case before this Court differs from *Carmody*. The officers in *Carmody* initially provided no indication as to the amount of unpaid overtime they claimed they were owed. It was not until they were responding to a summary judgment motion that they provided *any* information about their alleged unpaid overtime compensation. Here, Plaintiffs' initial disclosures included the annual amount of underpayment of overtime compensation for each collective action member for 2016 through 2019. From at least July 2020, Defendant has known what Plaintiffs claimed as underpayment of overtime compensation for each collective action member for 2016 through 2019. Thus, Defendant has not suffered the surprise and prejudice as the defendant in *Carmody*. Accordingly, Defendant's reliance on *Carmody* is misplaced.

While they disclosed the annual underpayment of overtime compensation, Plaintiffs failed to include any calculation or computation showing how they arrived at the annual sums for each collective action member. In this regard, Plaintiffs did not provide their "computation" of damages as required by Rule 26(a)(1)(A)(iii). By failing to disclose this required information, the Court

11

cannot allow Plaintiffs to use the information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining whether a party's noncompliance with Rule 26(a) is substantially justified or harmless, this Court considers several factors including, but not limited to, the reason for noncompliance, the prejudice or surprise to the opposing party, the ability to cure the prejudice, the extent to which allowing the information would disrupt the trial, the importance of the information, and the moving party's bad faith or willfulness. *See Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (citation omitted); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). But the Eighth Circuit has declared the "[e]xclusion of evidence is a harsh penalty, and should be used sparingly." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995); *see also Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003).

Defendant contends Plaintiffs' failure is not substantially justified or harmless because they have had the necessary information since November 2019 to disclose the initial calculation of damages. Doc. 584 at 5. Defendants provided supplemental payroll information to Plaintiffs in September 2020 and November 2021, but they have not provided their calculation of damages. *Id*. at 5-6. For these reasons, Defendant maintains Plaintiffs' failure is not justified. *Id*. Plaintiffs argue they could not provide additional information until they received additional discovery, which they "repeatedly sought," from Defendant. Doc. 591 at 9-10. It is unclear from Plaintiffs' brief as to whether they are referring to access to Defendant's payroll software or other discovery.

Defendant also argues Plaintiffs' failure is not harmless. Doc. 584 at 5. It contends it "has been unable to mediate this case *at all* due to the lack of damages calculations," and "unable – three months before trial – to depose the Plaintiffs' expert who is supposedly working on damages calculations." *Id*. (emphasis in original). Defendant also avers it has been unable to (1) "examine

the formulas by which" Plaintiffs' damages were calculated, (2) "impeach the method by which the damages were supposedly calculated," (3) "name a rebuttal expert to present an alternative calculation of damages," and (4) "make an offer of judgment which may have truncated damages at any point during the litigation." *Id*. at 6.  Defendant argues "if the damage calculations are not struck, then discovery would likely have to be reopened so that the City could do the work deposing Plaintiffs' expert that should have been done during discovery." *Id*.[5]

Plaintiffs represent Defendant "never propounded any written discovery on the Plaintiffs, never sought any depositions until after the close of discovery, and failed to file a single motion to compel any information from the Plaintiffs."  Doc. 591 at 10.  They argue Defendant's "passive participation in discovery makes it difficult to conclude…Plaintiffs' shortcomings substantially prejudiced" Defendant.  *Id*.  Plaintiffs also point out that although their expert was designated on October 1, 2019, Defendant has never expressed an interest in deposing him.  Doc. 591 at 6; *see also* Doc. 12.[6]  They argue Defendant waived its opportunity to take their expert's deposition and "now seeks to use its inattentiveness as an argument to strike Plaintiffs' damages."  *Id*.

The Court has carefully considered whether Plaintiffs' noncompliance was substantially justified and/or harmless.  Without a doubt, information related to Plaintiffs' damages is important.  How Plaintiffs calculated their underpayment of overtime compensation should not surprise Defendant because how overtime compensation is calculated is set forth by statute, 29 U.S.C. §

---

[5] In an exhibit attached to Defendant's Motion in Limine, defense counsel refers to Defendant's expert in an email to Plaintiffs' counsel.  Doc. 584-2 at 2.  Therein, she stated, "we haven't provided anything to our expert that hasn't already been provided to you."  *Id*.  Accordingly, it appears both experts had the same information.

[6] The Court notes Defendant moved to strike or exclude Plaintiffs' expert in December 2019 because, among other things, he "set forth a methodology for calculating damages, but, apparently given the City's data (represented to be sufficient almost two months ago), could not apply that methodology *at all* to the facts at issue," and therefore, his "damages calculation . . . should not be allowed at trial."  Doc. 33 at 8.  In January 2020, the Court granted in part Plaintiffs' motion to certify this collective action.  Doc. 45.  In the same Order, the Court denied the parties' motions to exclude the opposing party's expert as moot and set a deadline for the parties' experts to supplement or file new reports.  *Id*. at 7.  After discovery closed in July 2020, Defendant did not refile its motion to strike or exclude Plaintiffs' expert.

13

207(k), which Defendant cited in its October 2020 summary judgment motion and in its November 2020 opposition to Plaintiffs' summary judgment motion.  Doc. 559 at 13; Doc. 560 at 7.  In addition, Plaintiffs explained how their regular rates and overtime rates were properly calculated in its summary judgment motion filed in October 2020.  Doc. 557 at 12-14.

Further, Plaintiffs' noncompliance was based, in part, on Defendant's purported failure to provide additional information and/or access to its payroll software.  But Plaintiffs are also partially at fault in this regard.  Although Plaintiffs' counsel sent a letter in 2019, there appears to have been no follow up about the information and/or access that was needed until after the Court's summary judgment order was issued.

Finally, any prejudice Defendant may suffer due to the Court allowing evidence of Plaintiffs' computation of damages is due, in part, to Defendant's failure to (1) communicate with Plaintiffs' counsel in July 2020 (or anytime thereafter) about the lack of calculations; (2) contact the Court for the discovery teleconference after meeting and conferring with Plaintiffs' counsel and unsuccessfully resolving the issue; (3) engage in any written discovery; and (4) depose Plaintiffs' expert or any collective action member during discovery.  Communications between counsel on this issue, in all likelihood, would have resolved this issue years ago.

For the foregoing reasons, the Court finds Plaintiffs' failure to comply Rule 26(a)(1)(A)(iii)'s computation of damages requirement related to their underpayment of overtime compensation was substantially justified and harmless.  Thus, Defendant's motion to exclude evidence of Plaintiffs' underpayment of overtime compensation is **DENIED**.

The Court's finding, however, does not excuse Plaintiffs from supplementing their Rule 26(a)(1)(A)(iii) initial disclosures to include computations for underpayment of overtime compensation.  **By February 4, 2022**, Plaintiffs shall supplement their Rule 26(a)(1)(A)(iii) initial

disclosures to include computations as to each collective action member's underpayment of overtime compensation for each applicable year. The computations should include numerical figures that demonstrate how Plaintiffs arrived at the total amount of underpayment of overtime compensation for each person for each year. Each computation should reflect the calculation method used by Plaintiffs to arrive at the damages amount. Any failure to comply with this Order may result in the Court imposing sanctions.

### (2) Willfulness Damages

Defendant also asks the Court to exclude evidence of "willfulness damages" at trial because Plaintiffs' Rule 26(a) initial disclosures did not include those damages. Doc. 584 at 2, 4.[7] It is unclear what "willfulness damages" Defendant seeks to exclude. While the statute of limitations may be extended from two years to three years if an employer willfully violated the FLSA, the Court is unaware of a provision permitting "willfulness damages." 29 U.S.C. § 255(a). To the extent Defendant is moving to exclude evidence of its alleged willfulness, that request is **DENIED**.

### (3) Liquidated Damages

Defendant moves to exclude evidence of liquidated damages at trial because Plaintiffs' Rule 26(a) initial disclosures did not include liquidated damages. Doc. 584 at 4. If an employer violates 29 U.S.C. § 207, it is liable to the affected employees in the amount of unpaid overtime compensation and may also be liable for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The amount of liquidated damages, if awarded, is the same as the amount of unpaid overtime compensation. *Id*.

---

[7] Defendant also asks the Court to exclude "willfulness damages" and "liquidated damages" from the final judgment in this matter due to Plaintiffs' failure to include these damages in their initial disclosures. Doc. 584 at 4. This related request is DENIED for the same reasons the Court denies Defendant's motion to exclude evidence of these damages.

Although Plaintiffs' Rule 26(a) initial disclosures did not list liquidated damages as a category of damages it sought to recover in this matter, Defendant has known since January, when it was served with this lawsuit, that Plaintiffs sought liquidated damages. Doc. 1 at 1; Doc. 1-1 at 10. And, given that Defendant sought summary judgment on the issue of liquidated damages, it was well aware that Plaintiffs sought liquidated damages. Doc. 559 at 29-30. Defendant's notice eliminates any unfair surprise or prejudice caused by Plaintiffs' failure to include liquidated damages in their initial disclosures. *See, e.g.*, *Grant v. Shaw Env't, Inc.*, No. 3:08-CV-350, 2012 WL 1059944, at *2-3 (E.D. Tenn. Mar. 28, 2012) (denying the defendant's motion to exclude prejudgment interest based on the plaintiff's failure to include prejudgment interest in his initial disclosures because the failure was harmless, and the defendant was on notice that the plaintiff sought prejudgment interest because it was included in his complaint); *Ellert v. Chipotle Mexican Grill, Inc.*, No. 1:07CV026, 2008 WL 11351569, at *2 (S.D. Ohio Dec. 16, 2008) (finding that although the plaintiffs' initial disclosures did not include liquidated damages, the defendant was "clearly on notice" that liquidated damages could be awarded because the applicable statute stated liquidated damages shall be awarded).

Further, while Plaintiffs did not include a calculation as to the liquidated damages, the amount, as explained above, is set by statute and will not exceed the amount of unpaid overtime compensation. Because Defendant has known throughout this lawsuit that Plaintiffs sought liquidated damages and any liquidated damages award will not exceed the unpaid overtime compensation, Plaintiffs' failure to include liquidated damages or a calculation thereof was harmless. Therefore, Defendant's motion to exclude evidence of liquidated damages is **DENIED**.

### (4) Attorneys' Fees

Finally, Defendant moves to exclude evidence of Plaintiffs' attorneys' fees at trial as well as exclusion of an award of attorneys' fees from any final judgment because Plaintiffs' Rule 26(a) initial disclosures did not include attorneys' fees. Doc. 584 at 4. The Eighth Circuit has held, "[a] computation of attorney's fees is simply not a required disclosure under Federal Rule of Civil Procedure 26(a)." *Smith v. AS Am., Inc.*, 829 F.3d 616, 624 (8th Cir. 2016) (citation omitted). The Court noted, "the amount of attorneys' fees requested has nothing to do with the merits of the…lawsuit," and a court cannot begin to determine entitlement to fees until one party has prevailed. *Id.* (citation omitted). Based on *Smith*, Defendant's request to exclude attorneys' fees is **DENIED**.

### C. Plaintiffs' Motion

Plaintiffs' motion pertains to their May 2019 request to inspect Defendant's payroll software. Doc. 586. Both Local Rule 37.1 and Rule 37 of the Federal Rules of Civil Procedure require a party to confer in good faith with the opposing party to resolve the dispute before filing a motion to compel discovery. L.R. 37.1(a)(1); Fed. R. Civ. P. 37(a)(1). As set forth *supra*, section I(E)(2), Plaintiffs' counsel sent a letter to defense counsel inquiring about Defendant's failure to respond to the request. Although Local Rule 37.1 requires an attorney to "do more than merely write a demand letter" before filing a motion seeking discovery, it appears, based on the record before the Court, that letter was the only communication sent about the issue.

Although discovery continued for another twelve months after Plaintiffs' counsel sent the letter, the issue was not addressed by the parties, or if they addressed the issue, it was not resolved. Once the parties were unable to resolve the issue, Plaintiffs' counsel was required to contact the Court to schedule a discovery teleconference. *See* Doc. 8 at 1-2; L.R. 37.1. Based on the docket,

17

no discovery teleconference was ever conducted. Now, nearly one and one-half years have passed since counsel sent a letter to Defendant about the request.

The Court is troubled by Plaintiffs' counsel's failure to communicate further with defense counsel to resolve the dispute, particularly since they assert access to the software contains "critical variables" necessary for verifying damages. Doc. 592 at 3. After the parties failed to resolve the dispute, Plaintiffs' counsel should have contacted the Court to schedule a teleconference. As such, Plaintiffs failed to comply with the federal and local rules. And Plaintiffs provide no reason as to why the Court should excuse their noncompliance. Thus, Plaintiffs' motion is **DENIED**.

Although not set forth in their motion, Plaintiffs sought an alternative remedy in their reply brief. Doc. 592 at 5-6. They ask the Court to direct Defendant to provide a report of total hours worked in excess of 212 hours per 28-day work period for each collective action member. *Id*.[8] In support, Plaintiffs include a report they claim was "produced" by "Payroll Administrator Mary Madick" in November 2018. *Id*. at 5; Doc. 592-2. With such a report, Plaintiffs can calculate overtime and check the accuracy of their Rule 26 initial disclosures. *Id*. at 5.

Unfortunately, this alternative request was not asserted until Plaintiffs' reply brief. As such, Defendant was not afforded an opportunity to respond. The Court requests Defendant's input on Plaintiffs' alternative request. **By January 28, 2022**, Defendant shall file a Notice of Filing stating whether it can generate a report of total hours worked in excess of 212 hours per 28-day work period for each collective action member during the relevant timeframe. If the report can be generated, Defendant shall state how much time it will take it to run the report.

---

[8] In their reply, Plaintiffs refer to "overtime hours per pay period" and "total hours in excess of 212 per 28-day pay cycle." Doc. 592 at 5-6. The parties previously stipulated that the collective action members are paid biweekly but have a "normal FLSA work period" of 28 days and are paid the overtime rate "for all hours actually worked in excess of 212 hours in any 28-day work period." Doc. 554 at 1-2. Accordingly, the Court presumes Plaintiffs are requesting a report identifying overtime hours worked for each 28-day work period for every collective action member.

**D.     Plaintiffs' Response and "Amended/Redacted" Response to Defendant's Motion**

On December 29, 2021, Plaintiffs filed their response to Defendants' Motion in Limine. Doc. 589. That response, however, included information or communications shared during mediation. In doing so, Plaintiffs and their counsel violated the Court's General Order for the Mediation and Assessment Program ("General Order").

The General Order directs parties and their counsel to "treat as confidential the contents of any written mediation statement and anything said in mediation, including any position taken and any views of the case as expressed by any participant or Mediator." W. Dist. of Mo., General Order for Mediation & Assessment Program, at 11 (Nov. 14, 2019), available at https://www.mow.uscourts.gov/sites/mow/files/MAP_GO.pdf. Relevant here, parties and their counsel shall not divulge confidential information to anyone who is not involved in the litigation or the assigned judge. *Id*. If a party or counsel fails to comply "with the provisions and spirit" of the General Order, the assigned judge may impose sanctions. *Id*. at 12.

In addition to including confidential information, Plaintiffs' response attached an exhibit that was filed under seal. Doc. 589-3. Parties, however, are not permitted to file anything under seal without first obtaining leave of Court to do so. W. Dist. of Mo., CM/ECF Civil & Criminal Administrative Procedures Manual & Users Guide, at 8 (Jan. 1, 2018), available at https://www.mow.uscourts.gov/sites/mow/files/AdministrativeGuideandUserManual.pdf. Plaintiffs did not obtain leave of Court before filing the exhibit under seal.

Presumably because they were notified of the inclusion of confidential information in the initial response, Plaintiffs filed an "Amended/Redacted" response. Doc. 591. Similar to the sealed exhibit, Plaintiffs failed to seek leave of Court to file the "Amended/Redacted" response. *See* L.R. 15.1 (requiring a party to file "a motion or leave to file a…document that may not be filed as a

matter of right"). Upon review and comparison of Plaintiffs' responses, the Court notes the "Amended/Redacted" response redacts the mediation-related information or communication, and the exhibit that was originally filed under seal is now publicly filed.

Although it appears Plaintiffs' inclusion of the confidential information was not to shed a negative light on Defendant, the Court is dismayed by Plaintiffs' violation of the General Order. Setting aside their failure to seek leave to file an amended response, Plaintiffs' redaction of the violative was the proper course of action. However, the initial response – with the violative portion – remains a part of the record and is accessible by everyone. Consequently, the Clerk of the Court is directed to strike Plaintiffs' initial response (Doc. 589) and attachments thereto from the record.

Going forward, Plaintiffs are reminded of their obligations under the General Order. In addition, if Plaintiffs intend to file something under seal or an amended filing, they must seek and obtain leave of Court before fling the sealed or amended document.

## IV. CONCLUSION

For the foregoing reasons, both motions are **DENIED**. By January 28, 2022, Defendant shall inform the Court as to whether it can generate a report of overtime hours worked per work period for each collective action member during the relevant timeframe. By February 4, 2022, Plaintiffs shall serve their supplemental Rule 26(a)(1)(A)(iii) initial disclosures. Finally, the Clerk's Office is directed to strike Plaintiffs' response (Doc. 589) and attachments thereto to Defendant's Motion in Limine.

IT IS SO ORDERED.

DATE: January 24, 2022         /s/ W. Brian Gaddy
                               W. BRIAN GADDY
                               UNITED STATES MAGISTRATE JUDGE

20

Case 4:19-cv-00093-WBG   Document 595   Filed 01/24/22   Page 20 of 20